UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONALD BRINK,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DR. TERAB PARHIZ,<br><br>　　　　　Defendant. | Case No. 1:22-cv-00413-BLW<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

     Plaintiff Donald Brink, a prisoner in the custody of the Idaho Department of Correction, has filed a Complaint asserting that Dr. Terhab Parhiz, an outside specialty physician who contracted with the former prison medical contract provider, Corizon, LLC, acted either negligently or recklessly in handling Plaintiff's eyeball during eye surgery, causing his right eye lens to shatter, and, that, during follow-up appointments, Parhiz continually refused to take any steps to address the shattered lens. Although it appears that Plaintiff's detailed filing is intended to also be a motion addressed to this Court and a pre-litigation claim addressed to the Idaho State Board of Medicine, the Court construes a portion of the filing as a civil rights complaint for all purposes, including the statute of limitations. Dkt. 1, pp. 6-12.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

## STANDARD OF LAW FOR REVIEW OF PRO SE PRISONER COMPLAINTS

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal/Twombly* standard. The critical

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

Plaintiff's claims arise under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Title 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

## REVIEW OF PLAINTIFF'S FILINGS

In Plaintiff's original filing, he moves the Court to permit him to file his Medical Malpractice Prelitigation Hearing Application & Claim ("Prelitigation Claim") with the Idaho State Board of Medicine late because of prison access to courts issues. Plaintiff's Prelitigation Claim has nothing to do with any federal civil rights claim; it is relevant only to any state-law claims that, under state law, require pre-litigation screening.

Plaintiff may bring his state law negligence claims in federal court only if he anchors his claim to a related federal claim, such as an Eighth Amendment claim. Title 28 U.S.C. § 1367 provides that a district court may exercise supplemental jurisdiction over state claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." A plaintiff may bring "all state and federal claims ordinarily expected to be tried in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

However, whether this Court has authority regarding Plaintiff's request to deem his Prelitigation Claim timely is a question for another day because it is not ripe (there currently is no other party or entity to voice an opposition to his request).

The Court now addresses whether Plaintiff has stated a federal claim to which his state law negligence claim can be anchored. The Court has preliminarily considered whether Plaintiff has included sufficient facts to show that Dr. Parhiz is a state actor. Dr. Parhiz was working as an on-call eye doctor for St. Alphonsus Hospital's emergency room. Dr. Parhiz originally refused to treat Plaintiff because he was a prisoner. Plaintiff alleges that Corizon worked out a contract or compensation plan with Dr. Parhiz within a few hours, and then Dr. Parhiz treated him.

Generally, doctors are not considered state actors if they work at an emergency room where they are obligated to provide medical services to anyone and everyone in the general public. Had Dr. Parhiz performed medical care for Plaintiff without regard to his status as a prisoner, Dr. Parhiz may not have been deemed a state actor. *See Maggio v. Shelton*, 2015 WL 5126567 (D. Or. 2015) (collecting cases regarding emergency room medical care). However, here, Plaintiff has alleged enough facts to show that Dr. Parhiz may have made an agreement to care for Plaintiff as a prisoner, thus accepting the duty to perform a traditional state function of being a medical care provider selected by the State to provide care to prisoners under a state system where the prisoner has no ability to select his own health care provider.

To proceed, Plaintiff must clarify that he is stating a federal cause of action against Dr. Parhiz. The Eighth Amendment to the United States Constitution protects

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

prisoners against cruel and unusual punishment. An Eighth Amendment claim has two components. The first is an objective showing: a plaintiff must allege facts showing that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)).

The second component is a subjective showing: that Defendant acted with "deliberate indifference," which is "more than mere negligence," but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Stated differently, deliberate indifference means the Defendant acted deliberately, intentionally, or so recklessly that the conduct *can be equated with* a desire to inflict harm. *Id.* at 835-38. 38. To exhibit deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference." *Id.* at 837. To satisfy the subjective component, a prisoner must show that a prison medical provider or prison official knew of and recklessly disregarded an excessive risk to inmate health," which means drawing the inference and yet ignoring the substantial risk of harm. *Id.* at 838.

Importantly, gross negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power, but rather a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986). Thus, any negligence claims will not be heard in the absence of a fact-based Eighth Amendment or other federal claim.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

Plaintiff will be given leave to more clearly specify facts showing that he is asserting an Eighth Amendment claim against Dr. Parhiz. Plaintiff's amended complaint should contain two sections: one setting forth his federal claims, and another setting forth his state law claims. Given that the Court is permitting an extension of time for the filing of an amended complaint, Plaintiff's request for stay will be denied as moot.

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court. If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint."

If Plaintiff fails to file anything further in this matter, his Complaint may be dismissed without prejudice for failure to state a federal claim upon which relief can be granted.

### PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff has not yet clearly state a federal claim upon which relief can be granted. Though Plaintiff states that he is partially blind and has to rely on other prisoners for legal aid, the Court notes that his filings are better in form and content as compared to other prisoners' filings. Therefore, the Court will deny without prejudice Plaintiff's

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

request for appointment of counsel. The Court will reconsider appointing counsel should Plaintiff file an amended complaint upon which he is permitted to proceed.

### ORDER

**IT IS ORDERED:**

1. Plaintiff's Supplemental Motion for Appointment of Counsel (Dkt. 7) is DENIED without prejudice.

2. Plaintiff's Motion for an Extension of Time to File Amended Complaint (Dkt.7) is GRANTED. Plaintiff's amended complaint is due on or before **March 31, 2023**.

3. Plaintiff's Motion to Stay Proceedings (Dkt. 6) is DENIED as MOOT.

DATED: March 3, 2023

B. Lynn Winmill
U.S. District Court Judge