UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONALD BRINK,<br><br>                Plaintiff,<br><br>vs.<br><br>DR. ALI TERAB PARHIZ, Vitreo-retinal Surgeon-Idaho Retina Center; DR. LANDON K. GRANGE, at Vison Quest Medical Center; and DR. JAROD MONG, Director of Ophthalmology-Vision Question Medical Center/Proprietor;<br><br>                Defendants. | Case No. 1:22-cv-00413-BLW<br><br>**SUCCESSIVE REVIEW ORDER** |

      Earlier in this matter, the Court informed Plaintiff Donald Brink, a prisoner in custody of the Idaho Department of Correction (IDOC), that his claims against medical doctors for eye damage arising from various ophthalmic procedures were pleaded as state law tort claims, rather than federal civil rights claims. Dkt. 8. The Court informed Plaintiff of the Eighth Amendment standard required to state a claim under 42 U.S.C. § 1983.

      Plaintiff has filed an amended complaint asserting that liability under § 1983 arose when the defendant doctors performed a negligent act amounting to medical malpractice,

SUCCESSIVE REVIEW ORDER - 1

and then purposely failed to acknowledge or correct their mistakes, causing Plaintiff pain and suffering. Dkt. 10. "With deliberate indifference lying somewhere between the poles of negligence at one end and purpose or knowledge at the other, the Courts of Appeals have routinely equated deliberate indifference with recklessness." *Farmer v. Brennan*, 511 U.S. 825, 836 (1994) (citations omitted). Plaintiff has added sufficient factual allegations that, liberally construed, can be equated to recklessness.

Plaintiff states in his Amended Complaint that he is not raising any supplemental jurisdiction claims, meaning that Plaintiff is not pursuing state law medical malpractice claims in this action. Therefore, the Court makes it clear that Plaintiff is not suing Defendants for the original acts, but only for Defendants' reckless or purposeful failure to correct their mistakes, having drawn the inference that to continue in that path would put Plaintiff at a substantial risk of serious harm. *Id*. at 837.

In addition, because Plaintiff is not pursuing state law claims, his request in the Complaint to later add "respondeat superior defendants" will be denied, as that theory—that a person is liable merely for being the supervisor of a tortfeasor—does not apply to federal civil rights claims. Rather, a person may be held liable as a supervisor under § 1983 if (1) he or she had "personal involvement in the constitutional deprivation," or (2) "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" exists. *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) (punctuation altered and citation omitted). *See* also *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (there is no respondeat superior liability under §1983).

To the extent that any Defendant can show that he or she had no personal participation in Plaintiff's medical care, Plaintiff will not be able to maintain a claim against them. Allegations sufficient to show a causal connection include: (1) "setting in motion a series of acts by others"; (2) "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failing to act or improperly acting in "the training, supervision, or control of his subordinates"; (4) "acquiesc[ing] in the constitutional deprivation"; or (5) engaging in "conduct that showed a reckless or callous indifference to the rights of others." *Starr,* 652 F.3d at 1207-08 (punctuation altered and citation omitted).

In summary, the Court will permit Plaintiff to proceed on his Eighth Amendment claims, and clarifies that Plaintiff is pursuing no state law claims, including respondeat superior claims, in this action. This Order does not guarantee that any of Plaintiff's claims will be successful, only that he can proceed to the next stage of litigation.

## ORDER

**IT IS ORDERED**:

1. Plaintiff's Motion for Enlargement of Time to File Amendment (Dkt. 9) is GRANTED.

2. Plaintiff's Motion to Review Amended Complaint (Dkt. 11) is GRANTED.

3. Plaintiff may proceed to the next stage of litigation on Eighth Amendment claims against Defendants Dr. Ali Terab Parhiz, Dr. Landon K. Grange, and Dr. Jarod Mong.

4. Defendants will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Amended Complaint (Dkt. 10), a copy of this Order and the Initial Review Order (Dkt. 8), and a Waiver of Service of Summons directly to each Defendant as follows, because no regularly appearing attorney is listed on file for these Defendants:

   a. Dr. Ali Terab Parhiz, Idaho Retina Center, 901 N. Curtis Rd., Suite 302, Boise, Idaho  83706;

   b. Dr. Landon K. Grange, Vision Quest Medical Center, 5680 W. Gage St., Boise, ID  83706; and

   c. Dr. Jarod Mong, Vision Quest Medical Center, 5680 W. Gage St., Boise, ID  83706.

5. Each Defendant has 60 days from the date entered on the form to sign and file the waiver **if** they choose to waive service. **Defendants are not required to waive service and no default judgment can be requested or entered because of a failure to waive service**.

6. If Defendants do not waive formal service of process by returning the Waiver of Service of Summons, the Clerk of Court will engage the United States Marshal

**SUCCESSIVE REVIEW ORDER  - 4**

Service to serve Defendants personally, and Defendants may be ordered to pay the service of process fees. *See* Federal Rule of Civil Procedure Rule 4(d).

7. Entry of default cannot be requested until after a waiver has been signed and returned and an answer not filed within the appropriate time frame, or a Defendant is personally served by the U.S. Marshal Service and does not file an answer within the appropriate time frame. Again, entry of default cannot be requested simply because a waiver was sent to Defendants but Defendants never signed and returned it.

8. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after the first Defendant answers the Amended Complaint.

9. Dispositive motions by a Defendant must be filed within 300 days after that Defendant files an Answer.

10. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

11. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex

parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

13. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

14. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

15. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: June 2, 2023

_____
B. Lynn Winmill
U.S. District Court Judge